UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Goldsmith v. U.S. Bank | 2:15-cv-00991-MMD-PAL |
| Bank of America v. Woodcrest HOA | 2:15-cv-01193-MMD-GWF |
| Wells Fargo v. Tides I HOA | 2:15-cv-01204-MMD-PAL |
| Nationstar v. Aurora Canyon HOA | 2:15-cv-01308-MMD-NJK |
| Nationstar v. Shara Sunrise HOA | 2:15-cv-01597-MMD-NJK |
| Nationstar v. Augusta Belford and Ellingwood HOA | 2:15-cv-01705-MMD-PAL |
| 1290 Village Walk Trust v. Bank of America | 2:15-cv-01903-MMD-PAL |
| Bank of New York Mellon v. Log Cabin Manor HOA | 2:15-cv-02026-MMD-CWH |
| US Bank v. Ski Way Trust | 2:16-cv-00066-MMD-GWF |
| Bank of New York Mellon v. Imagination North | 2:16-cv-00383-MMD-NJK |
| Bank of America v. Green Valley South | 2:16-cv-00424-MMD-PAL |
| Bank of America v. Inspirada Community Assoc. | 2:16-cv-00438-MMD-VCF |
| Bank of America v. Sunrise Ridge | 2:16-cv-00467-MMD-CWH |
| Deutsche Bank v. Independence II HOA | 2:16-cv-00536-MMD-VCF |
| Bank of America v. Inspirada Community Assoc. | 2:16-cv-00605-MMD-VCF |
| Bank of America v. Peccole Ranch Community Assoc. | 2:16-cv-00660-MMD-CWH |
| Nationstar v. SFR Investments Pool | 2:16-cv-00703-MMD-GWF |
| Bank of Amierca v. Treo North and South HOA | 2:16-cv-00845-MMD-NJK |
| Wells Fargo v. SFR Investments Pool | 3:15-cv-00240-MMD-VPC |
| US Bank v. Thunder Properties | 3:15-cv-00328-MMD-WGC |
| PNC Bank v. Wingfield Springs Community Assoc. | 3:15-cv-00349-MMD-VPC |
| Nationstar v. Highland Ranch HOA | 3:15-cv-00375-MMD-VPC |
| US Bank v. White Lake Ranch Assoc. | 3:15-cv-00477-MMD-VPC |
| GMAT Legal Title Trust v. SFR Investments Pool | 3:15-cv-00518-MMD-WGC |
| Bank of New York Mellon v. Thunder Properties | 3:16-cv-00097-MMD-WGC |
| Bank of America v. North Truckee Townhomes HOA | 3:16-cv-00135-MMD-VPC |
| Bank of America v. Grand Sierra Resort Unit Owners | 3:16-cv-00146-MMD-WGC |
| Bank of America v. Tenaya Creek HOA | 3:16-cv-00158-MMD-WGC |
| Bank of America v. Southwest Meadows HOA | 3:16-cv-00183-MMD-VPC |
| Bank of America v. The Siena HOA | 3:16-cv-00188-MMD-VPC |
| Ditech Financial v. Highland Ranch HOA | 3:16-cv-00194-MMD-WGC |
| Bank of America v. Aspen Meadows | 3:16-cv-00413-MMD-WGC |
| US Bank v. Fairway Pines Assoc. | 3:16-cv-00446-MMD-VPC |

ORDER
Staying Case Pending Issuance of Mandate in
*Bourne Valley Court Trust v. Wells Fargo Bank*
and Denying Pending Motions without Prejudice

The above referenced cases arise out of a homeowner's association ("HOA") foreclosure and involve a constitutional due process challenge to Nevada Revised

Statute Chapter 116's notice provisions. On August 12, 2016, the Ninth Circuit Court of Appeals, in a 2-1 panel decision, found that Chapter 116's notice provisions as applied to nonjudicial foreclosure of an HOA lien before the 2015 amendment to be facially unconstitutional. *Bourne Valley Court Trust v. Wells Fargo Bank, NA,* No. 15-15233, 2016 WL 4254983 (9th Cir. Aug. 12, 2016). The *Bourne Valley* decision obviously has profound impact on each case. Accordingly, the Court finds that it is appropriate to *sua sponte* impose a temporary stay until the mandate is issued in *Bourne Valley.*

A district court has discretionary power to stay proceedings in its own court. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Pate v. Depuy Orthopaedics, Inc.*, No. 2:12-cv-01168-MMD-CWH, 2012 WL 3532780, at *2 (D. Nev. Aug. 14, 2012) (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)) (internal quotation marks omitted). *See also Dependable Highway Exp., Inc. v. Navigators Ins. Co.,* 498 F.3d 1059, 1067 (9th Cir. 2007).

These three factors weigh in favor of a brief temporary stay. A temporary stay would promote judicial economy, particularly given *Bourne Valley's* ruling's effect on the due process issue raised in each case. Any potential hardship or prejudice would be minimal in light of the brief duration of the stay until a mandate is issued in *Bourne Valley*. In fact, a stay would benefit the parties as they assess *Bourne Valley*'s import without having to file any unnecessary supplemental briefing.

///

1   It is therefore ordered that the above referencedactions are temporarily stayed.
2  Upon the Ninth Circuit's issuance of the mandate in *Bourne Valley*, the parties in each
3  case may move to lift the stay.  Until that time, all proceedings are stayed.
4   It is further ordered that all pending motions are denied without prejudice to their
5  refiling within thirty (30) days after the stay is lifted.

6   DATED THIS 19th day of August 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE