UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PNC BANK, N.A.,<br><br>          Plaintiff,<br><br> v.<br><br>WINGFIELD SPRINGS COMMUNITY ASSOCIATION; WILLIAM WON HOLDINGS, LLC; DOES 1 through 10, inclusive; and all others who claim interest in the subject property located at 7118 Valliant Drive, Sparks, NV 89436,<br><br>          Defendants. | Case No. 3:15-cv-00349-MMD-VPC<br><br>ORDER<br><br>(Pl.'s Motion for Summary Judgment – ECF No. 63) |
| WILLIAM WON HOLDINGS, LLC,<br><br>          Counter-Claimant,<br><br> v.<br><br>PNC BANK, N.A.,<br><br>          Counter-Defendant. | |
| WINGFIELD SPRINGS COMMUNITY ASSOCIATION,<br><br>          Third-Party Plaintiff,<br><br> v.<br><br>ATC COLLECTION GROUP, LLC,<br><br>          Third-Party Defendant. | |

**I. SUMMARY**

Before the Court is Plaintiff/Counter-Defendant PNC Bank, N.A.'s ("PNC Bank") Motion for Summary Judgment (ECF No. 63.) The Court has reviewed Defendant/Third-

Party Plaintiff Wingfield Springs Community Association's ("Homeowner Association" or "HOA") response (ECF No. 66), Defendant/Counter-Claimant William Won Holdings, LLC's ("Won Holdings") joinder (ECF No. 71), and Plaintiff/Counter-Defendant's reply (ECF No. 72). Oral argument was held on August 23, 2017. (ECF No. 77.)

The Court grants in part and denies in part summary judgment for the reasons discussed below.

**II.    BACKGROUND**

The facts below are taken from the HOA's statement of undisputed facts (ECF No. 66) unless otherwise indicated.

A couple, Gordon and Michelle Johnson, purchased a home in Sparks (the "Property") that is part of a homeowners' association called the Wingfield Springs Community Association in 2007. The Johnsons entered into two loan agreements at the time of purchase. The first was with Elegen Home Lending, LP ("Elegen") in the amount of $263,520.00, and the deed of trust securing the loan was recorded against the Property on March 26, 2007 (the "First Deed of Trust"). The second was with National City Bank, N.A. in the amount of $32,940.00, and the deed of trust securing the loan was recorded against the Property on March 26, 2007 (the "Second Deed of Trust"). Plaintiff PNC Bank now holds the beneficial interest in both the First Deed of Trust and Second Deed of Trust after various assignments and mergers. (*See* ECF no. 63 at 2.)

The Johnsons failed to pay HOA assessments, and the HOA eventually foreclosed on the Property pursuant to NRS § 116.3116 *et seq.* in May 2013. Won Holdings purchased the property at the sale for $3,545.00. Plaintiff PNC Bank filed suit seeking to quiet title and obtain declaratory relief. (ECF No. 63.)

**III.    LEGAL STANDARD**

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is genuine "if the evidence is

such that a reasonable jury could return a verdict for the nonmoving party," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and a dispute is material if it could affect the outcome of the suit under the governing law. *Id.*

Summary judgment is not appropriate when "reasonable minds could differ as to the import of the evidence." *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is [that which is] enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). Decisions granting or denying summary judgment are made in light of the purpose of summary judgment: "to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies the requirements of Rule 56, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008). If a party relies on an affidavit or declaration to support or oppose a motion, it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,
///

586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient . . . ." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

Plaintiff moves for summary judgment on its quiet title, declaratory relief, and unconstitutional statute claims as well as on Won Holdings' quiet title and attorney's fees counterclaims. (ECF No. 63 at 2.) Plaintiff argues that the Ninth Circuit Court of Appeals' decision in *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2296 (2017), requires this Court to declare that the HOA foreclosure sale did not extinguish Plaintiff's First Deed of Trust because the sale was conducted under an unconstitutional statute. (*Id.* at 3.) The Court agrees and addresses Defendants' four arguments below.

### A. Applicability of *Bourne Valley*

Defendants first argue that this Court should follow the Nevada Supreme Court's ruling in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg., a Division of Wells Fargo Bank, N.A.*, 388 P.3d 970 (Nev. 2017) instead of *Bourne Valley*. (ECF No. 66 at 6; ECF No. 71 at 2.) In *Bourne Valley*, the Ninth Circuit held that the opt-in notice scheme established in NRS § 116.3116 *et seq.*[1] ("Statute") is facially unconstitutional because it requires a lender with a first position deed of trust to affirmatively request notice of an HOA's intent to foreclose, violating the lender's due process rights. 832 F.3d at 1156. The Ninth Circuit made this decision in light of the Nevada Supreme Court's decision in *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 412 (Nev. 2014), in which the state supreme court interpreted the Statute to give an HOA a "superpriority" lien on a homeowner's property for up to nine months of unpaid HOA dues that, when foreclosed upon, extinguished all junior interests in the property. *See Bourne Valley*, 832 F.3d at 1156-57. Thus, the Ninth Circuit found that enactment of the Statute's opt-in notice scheme "unconstitutionally degraded [the first position lienholder's] interest" and that but

---

[1] The *Bourne Valley* court referred to NRS § 116.3116 *et seq.* as "the statute." 832 F.3d at 1156. Sections 116.3116 through 116.3117 create the framework by which HOAs may foreclose on their liens through a nonjudicial sale.

4

for this scheme the first position lienholder's rights in the property would not be extinguished. *Id.* at 1160. In *Saticoy Bay*, the Nevada Supreme Court contradicted the Ninth Circuit, holding that the foreclosure procedures under the Statute do not violate first position lienholders' due process rights under both the Nevada and United States Constitutions. *Id.* at 972-74.

Defendants' first argument fails because the Ninth Circuit found that the Statute's opt-in notice scheme was unconstitutional under the *federal* constitution. *Bourne Valley*, 832 F.3d at 1157. This Court is not bound by the Nevada Supreme Court's holdings to the contrary. *See Watson v. Estelle*, 886 F.2d 1093, 1095 (9th Cir. 1989) (stating that the decision of a state supreme court construing the United States Constitution is not binding on federal courts). Therefore, *Bourne Valley* applies to this Court's determination of whether the HOA's foreclosure sale extinguished Plaintiff's First Deed of Trust.

### B.    Return to Notice Scheme in 1991 Version of NRS § 116.3116 *et seq.*

Defendants further argue that the notice scheme should return to that embedded in the 1991 version of the statute if the Court follows *Bourne Valley's* ruling. (ECF No. 66 at 6-8; ECF No. 71 at 2.) In 1993, the Nevada legislature added or altered the relevant notice provisions overturned by the Ninth Circuit Court of Appeals in its *Bourne Valley* decision, specifically NRS §§ 116.31163, 116.311635, and 116.31168. *See Bourne Valley,* 832 F.3d at 1158-1160. The 1991 version of the statute includes an ostensible "notice scheme" that is predominantly located in NRS § 116.31168 ("1991 Statute"). This provision states:

> The provisions of NRS 107.090 apply to the foreclosure of an association's lien as if a deed of trust were being foreclosed. The request must identify the lien by stating the names of the unit's owner and the common-interest community. *The association must also give reasonable notice of its intent to foreclose to all holders of liens in the unit who are known to it.*

A.B. 221, 1991 Nev. Stat., ch. 245, § 104, at 570-71 (emphasis added). The last sentence regarding reasonable notice was then removed by the 1993 amendments.[2] A.B. 612, 1993

---

[2] Sections 116.31163 and 116.311635 were created in the 1993 amendments. A.B. 612, 1993 Nev. Stat., ch. 573, § 40, at 2354-55.

Nev. Sta., ch. 573, § 40, at 2373. Thus, Defendants implicitly argue that a return to the 1991 Statute requires the Court to determine whether the HOA gave reasonable notice of its intent to foreclose to all lienholders of the unit that were known to it at that time, meaning all recorded lienholders. (*See* ECF No. 66 at 6-8.) But the 1991 Statute suffers from constitutional infirmities similar to those that plagued the opt-in notice scheme adopted by the 1993 amendments. Consequently, the provision would be ripe for another Fourteenth Amendment challenge if the Court were to analyze the HOA's actions under the 1991 Statute.

Nevada law does lend support to Defendant's argument that where a statute is found to be unconstitutional, it is as if the statute was never passed. *See Nev. Power Co. v. Metro. Dev. Co.*, 765 P.2d 1162, 1163-64 (Nev. 1988) ("null and void ab initio," "of no effect, affords no protection, and confers no rights"). However, the Court declines to analyze the HOA's actions under the purported notice scheme in the 1991 Statute. To begin, there is no clear rule or case law requiring this Court to definitively hold that the 1991 Statute's final sentence contains the notice requirement applicable to first position lienholders during the time period of 1993 to 2015. Secondly, even if the Court were to accept that the final sentence of the 1991 Statute is the proper standard by which to analyze whether Plaintiff received adequate notice, the Court finds that this provision is ripe for constitutional consideration. Therefore, analyzing the facts of this case under the 1991 Statute would require the Court to entertain another set of due process challenges, which is inconsistent with established precedent holding that courts ought to construe statutes so as to avoid constitutional infirmities. *See Clark v. Martinez*, 543 U.S. 371, 380-81 (2005) ("[W]hen deciding which of two plausible statutory constructions to adopt, a court must consider the necessary consequences of its choice. If one of them would raise a multitude of constitutional problems, the other should prevail[.]"). Thus, to avoid further constitutional challenges here, the Court declines to apply the 1991 Statute to the facts of this case, as it is not clear that the legislature created the 1991 version of the statute or

///

6

passed the particular amendments in 1993 with first position lienholders like Plaintiff in mind.[3]

C. **Severability**

Defendants further argue that the Court should sever the unconstitutional sections of the statute and enforce the remainder. (ECF No. 66 at 6; ECF No. 71 at 2.) But this approach would leave the statute with no notice provision whatsoever. The absence of any notice requirements would require the Court to entertain another set of due process challenges, which is inconsistent with established precedent holding that courts ought to construe statutes so as to avoid constitutional infirmities. *Clark*, 543 U.S. 380-81.

D. **CC&Rs**

Won Holdings argues separately from the HOA that the HOA sale validly extinguished the First Deed of Trust because the HOA's governing document, the Covenants, Conditions, and Restrictions ("CC&Rs") "provides the necessary language to validate the sale." (ECF No. 71 at 3-6.). But the CC&R's are irrelevant because the sale took place pursuant to an unconstitutional statute. The CC&Rs cannot cure the due process injury that the mortgage lender sustained.

E. **Equitable relief**

Plaintiff requests that this Court hold that the HOA foreclosure sale did not extinguish its First Deed of Trust. (ECF No. 63 at 2; ECF No. 72 at 2.) "At common law, courts possessed inherent equitable power to consider quiet title actions, a power that required no statutory authority." *Shadow Wood Homeowners Ass'n, Inc. v. N.Y. Cmty. Bancorp, Inc.*, 366 P.3d 1105, 1111 (Nev. 2016) (internal citation omitted); *see also Humble Oil & Ref. Co. v. Sun Oil Co.*, 191 F.2d 705, 718 (5th Cir. 1951) (An action for

---

[3]In fact, a stated purpose of the 1993 amendments was to provide fairer notice to owners of units in common-interest communities who were delinquent in association assessments. A.B. 612, Summary of Legislation, 67th Sess., at 27 (Nev. 1993), https://www.leg.state.nv.us/Division/Research/Library/LegHistory/LHs/1993/AB612,1993.pdf. A stated purpose of the section creating the opt-in notice scheme in the 1993 amendments was to give an individual like a lessee of a unit notice where the lessee otherwise did not have notice that the property was to be foreclosed upon. *Id.* at 37. But, more generally, the purpose of the amendments was to correct technical errors in the 1991 version of the law. *Id.* at 49.

quiet title "is a purely equitable proceeding."). Thus, equitable relief may be granted in defective HOA lien foreclosure sales. *Shadow Wood,* 366 P.3d at 1107 ("We . . . reaffirm that, in an appropriate case, a court can grant equitable relief from a defective HOA lien foreclosure sale."). Equitable relief powers are broad. *Brown v. Plata*, 563 U.S. 493, 538 (2011) ("the scope of a district court's equitable powers . . . is broad, for breadth and flexibility are inherent in equitable remedies.") (internal quotation marks and citation omitted). A court granting equitable relief should weigh the equities involved, including equity to the public. *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994) ("As always when federal courts contemplate equitable relief, our holding must also take account of the public interest.").

The Court finds that the most equitable remedy under the circumstances here is to declare that Plaintiff's First Deed of Trust still encumbers the Property, a holding consistent with Plaintiff's requested relief and the ruling in *Bourne Valley*. This remedy is equitable with respect to the parties in this case as well as to the general public. As to Plaintiff, this declaration remedies the injury it suffered as a result of the unconstitutional opt-in notice scheme, namely the extinguishment of its lien on the Property. As to the HOA, this remedy allows the sale to remain intact, thereby ensuring that the delinquent assessments for which the HOA foreclosed upon the Property remain satisfied.[4] As to Won Holdings, this result is equitable because the purchase of the Property entailed a risk that the statutory framework that enabled the HOA to sell the Property at such a discounted price would be found to be unconstitutional (as litigation challenging the constitutionality of the opt-in notice scheme in federal and state court had already begun). As to the general public, this remedy is equitable because it preserves market stability. Alternatives such as setting

///

///

---

[4]If the Court were to invalidate the sale, the HOA would face the additional difficulty and expense of tracking down the Johnsons. Moreover, the HOA would have to foreclose upon the Property once again in order to satisfy the nine months of delinquent assessments in the event the Johnsons declined to cure the default.

aside the foreclosure sale would create chaos, as the parties agreed at the hearing on August 23.[5]

Therefore, the Court resolves Plaintiff's quiet title claim in favor of Plaintiff. Plaintiff's two other claims for declaratory relief are denied as moot.[6] The Court also resolves Defendant Won Holdings' quiet title counterclaim in favor of Plaintiff, mooting Won Holdings' attorney's fees counterclaim.

**V.  CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion or reconsideration as they do not affect the outcome of Plaintiff's motion.

It is therefore ordered that PNC Bank's Motion for Summary Judgment (ECF No. 63) is granted in part and denied in part.  It is granted with respect to Plaintiff's quiet title claim and denied as moot with respect to the other claims.  The Court finds that the HOA foreclosure sale did not extinguish Plaintiff's First Deed of Trust, which continues to encumber the Property.

The Clerk is instructed to enter judgment in favor of PNC Bank on both its quiet title claim and Defendant Won Holdings' quiet title counterclaim.

DATED THIS 20th day of September 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[5]This concession was made despite Defendants' request in prior briefing for the Court to set aside the sale. (ECF No. 66 at 8; ECF No. 71 at 2.)

[6]Plaintiff also brings two claims for declaratory relief, asking this Court to declare that: (1) the HOA sale did not affect or extinguish their rights or interest in the Property; and (2) the HOA sale was not valid, conveyed no legitimate interest to Defendant, and did not extinguish Plaintiff's First Deed of Trust because the foreclosure sale proceeded under an unconstitutional statute. (ECF No. 1 at 9-10.)